Thompson *v.* Hollingsworth.

*Per Curiam.*—The judgment below is reversed, with costs.

⟨⟨❖⟩⟩

### THOMPSON *v.* HOLLINGSWORTH.

TRUST MORTGAGE—CONSTRUCTION OF CONTRACT.—The decision herein relates entirely to the construction of a contract, relating to real estate, and can not be briefly stated. See the opinion at length.

APPEAL from the *Blackford* Circuit Court.

HANNA, J.—In *February*, 1855, the *Ohio, Indiana and Illinois Railroad Company* made an instrument, in writing, to *John Brownlee*, which will be more particularly noticed hereafter.

In *July*, 1856, the appellant, who had, before that time, recovered judgments against said company, took the proper steps to make the same liens upon the real estate of said company in said county.

In *April*, 1857, *Brownlee* conveyed certain lands to the appellee.

In *August*, 1857, the appellant became the purchaser of the same lands at a sheriff's sale, to satisfy his said judgments.

The only question presented is, whether, by the instrument executed by said company, the title to the said lands was vested in *Brownlee* with power to him to convey the same. If the title was so vested, then, it is insisted, there was nothing upon which the judgments could operate as a lien—nothing that the sheriff could sell. If the title was not so vested, then, it is urged, *Brownlee* could convey nothing to said appellee.

The instrument in writing, upon which the authority of *Brownlee* to convey is based, is as follows:

"The *Ohio, Indiana and Illinois Railroad Company*, in the State of *Indiana*, by *John M. Wallace*, their President, do convey and warrant unto *John Brownlee*. (A trustee, appointed by the board of directors of said company to receive and hold in trust, for the benefit and security of the present and future holders of the scrip or treasury warrants of said company, certain real estate belonging to said company, to-wit: &c.) Now, it is expressly understood, that this deed of trust is executed to said trustee to secure the full payment of all scrip or treasury warrants of said company, issued upon the treasury thereof, or hereafter to be issued, amounting to

Thompson *v.* Hollingsworth.

20,000 dollars; and that, upon the payment of the said scrip or treasury orders by the said company, this deed of mortgage is to be null and void, and said trustee does hereby reserve to himself the power to sell to scrip holders or others any or all of said lands to redeem the said scrip, and provided the proceeds of such sales be so applied, in fact, to the construction of said road, and in incidental expenses. It is further understood that said lands, or any part of the same, in quantities as deeded to said company, or any less, if desirable by the company, may be subject to entry by such scrip holders from said trustee, at the prices said lands were taken at, &c., and this mortgage shall not be foreclosed under two years from this date."

The facts thus shown appear to be simply, that the company were issuing certain scrip, which it was desirable should not depreciate, but be good in the hands of holders; therefore, its ultimate redemption was to be secured. It is inferable that said scrip was intended to pass from hand to hand. The security was therefore not given to the persons to whom it was issued and delivered, but to *Brownlee,* who is termed a trustee, and holds said security for their benefit. If the scrip had all been made and delivered to one person, and this trust mortgage, as we may term it, had been made and delivered to him also, we can not see but that it would have been a security only; and therefore we have referred to it as a security in the hands of *Brownlee.* The fact that he was selected to receive and hold it for the benefit of others, instead of himself, does not, in this instance, change its character. Even if it was conceded that *Brownlee* had, in a certain contingency, the power to sell said lands, or permit the same to be entered, it would not necessarily follow that the title was in him, or that he could convey the same. He might, as the agent of the company thus selected, bind said company by a contract in regard to said scrip and lands, so that it would be com-

pelled to make a conveyance in discharge of the same. With this view, certain provisions of the instrument, under which it is claimed *Brownlee* could convey, are reconcilable with other provisions declaring it void upon the redemption of the scrip, and limiting the time at which legal proceedings to foreclose might be resorted to. If the title was transferred to *Brownlee*, what would be the result in reference thereto, of a redemption of said scrip? In such event, the instrument provides that it shall be considered void. He could hold no title on a void title paper, when acting in the capacity here indicated. It appears to us, that the paper to *Brownlee* could have the effect only of creating a lien in favor of the holders of said scrip, which might be resorted to by them or not. If the whole fund thus placed in his hands was not sufficient to pay or redeem all the outstanding orders at any given time, the question, whether each holder would be entitled to a *pro rata* out of said security, or whether it might be all absorbed in the redemption of a part, by a sale of the lands, or permitting an entry thereof, is not before us in the case at bar, and is alluded to only to show an additional reason why we should conclude that the title and the absolute power were not vested in said trustee to dispose of said fund provided to secure said redemptions.

As the appellee did not acquire a title directly from the company, nor take legal steps to avail himself of this security, it follows that he acquired no legal title to said lands. Whether he acquired an equitable title as against said company, we need not decide, and the company is not a party to this suit; nor need we decide whether he acquired any prior equities, as to this land, over other scrip holders. For the same reason, we need intimate no opinion as to the validity of the proceedings in favor of *Thompson*, in the event this lien was out of the way.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*H. D. Thompson*, *Walter March* and *W. R. Pierce*, for the appellant.

*J. Brownlee*, for the appellee.